UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SUNVIEW INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-00081 |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| *Defendant*. | § | |
| | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Westchester Surplus Lines Insurance Company ("Westchester") files this Notice of Removal and respectfully shows that diversity subject-matter jurisdiction exists and removal is timely.

## I.
### REMOVAL IS TIMELY

1.      On February 1, 2022, Plaintiff filed its Original Petition in the matter styled *Sunview Inc. v. Westchester Surplus Lines Insurance Company,* Cause No. 2022DCV035, in the 171st Judicial District Court of El Paso County, Texas.

2.      Westchester's registered agent was served with the lawsuit on February 24, 2022.

3.      Under federal law, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b)(1); *see also* 28 U.S.C. § 1446(b)(3) (permitting removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

4.      Westchester files this Notice of Removal within the thirty-day time period. *See* 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely.

## II.
### DIVERSITY OF CITIZENSHIP

5.      Removal is proper under 28 U.S.C. §1332(a)(1) because there is currently complete diversity of citizenship, and complete diversity existed on the date the state court case was filed.

6.      Plaintiff Sunview Inc. is a Texas corporation with its principal place of business located in El Paso County, Texas. Thus, Plaintiff is a citizen of the State of Texas.

7.      Defendant Westchester is an insurance company incorporated in the State of Georgia, with its principal place of business in the Commonwealth of Pennsylvania. Therefore, Westchester is a citizen of the State of Georgia and the Commonwealth of Pennsylvania.

## III.
### VENUE IS PROPER

8.      Venue is proper in the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. §§ 124 and 1446, since it is the district and division within which such action is pending in state court.

## IV.
### AMOUNT IN CONTROVERSY

9.      The amount in controversy exceeds the $75,000.00 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a).

10.      The amount in controversy is ordinarily determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Procare Auto. v. MidAmerican Energy Servs*. 2021 WL 5822832, *2 (W.D. Tex. 2021) A defendant can also show the jurisdictional amount is met through other evidence, such as demand letters or other claim documentation as to the amount claimed by the Plaintiff. *Davalos v. Allstate Fire & Cas.*

*Ins. Co.*, 522 F. Supp. 3d 240, 246 (W.D. Tex. 2021)(citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)("Based upon well-settled circuit precedent, defendants can carry their burden "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."); *Procare Auto. v. MidAmerican Energy Servs*. 2021 WL 5822832, *2 (W.D. Tex. 2021)(Plaintiff's Petition claimed monetary relief of $250,000 or less and non-monetary relief, including declaratory and injunctive relief).

11.     On the face of Plaintiff's Petition, Plaintiff admits that it "seeks monetary relief under $250,000.00…" (Pl.s' Pet. ¶ 2.). This means that Plaintiff may claim as much as $249,999.00 in damages. Plaintiff's Petition also seeks the recovery of penalties under Section 542.060 of the Texas Insurance Code, (¶18-21), and actual damages under Section 541.061 of the Texas Insurance Code (¶ 22-28). All of these claims for damages are considered by the court in determining whether the jurisdictional amount in controversy has been met. *Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 247 (W.D. Tex. 2021)

12.     "Courts often utilize information from demand letters when considering whether the amount in controversy of a given case exceeds the jurisdictional amount." *Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 247 (W.D. Tex. 2021). "A demand letter can satisfy the defendant's "burden to prove the damages sought likely exceed $75,000."" *Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 248 (W.D. N.C. 2021). Here, Plaintiff submitted a sworn Proof of Loss on May 4, 2021 claiming $107,205.62 in damages under the policy. (Exhibit 1). Defendant paid the Plaintiff $107,205.62 based on the sworn Proof of Loss. The Proof of Loss shows that $35,312.79 of non-recoverable depreciation was not paid. (Exhibit

1). Plaintiff now alleges that Defendant improperly denied and/or underpaid the claim (Pl.'s Pet. ¶ 13), and that "Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection and/or undervalued the damages observed during the inspection." (Pl.'s. Pet. ¶14).

13.     Further, Plaintiff seeks "exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b)" (Pl.'s Pet. ¶ 27), and punitive damages (Pl.'s Pet. ¶28).

14.     "The potential for an award of treble damages clearly places the amount in controversy beyond this court's statutory threshold." *Horton v. Allstate Vehicle & Prop. Ins. Co*. 2019 WL 1552494 (W.D. Tex. 2019) (holding that claim for attorneys' fees, and treble economic damages are included in the amount in controversy calculation) (citing in notes 3 to 6 the following cases: *Knowles Pub. v. Am. Motorists Ins. Co*., 248 F.3d 1139, 2001 WL 85914, at *3 (5th Cir. Jan. 25, 2001) (treble damages under the DTPA may be included in the amount in controversy);. *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1336 (5th Cir. 1995) (recognizing that the Court may use "common sense" in determining the amount in controversy); *Wilcots v. Wells Fargo Bank, N.A*., No. CIV.A.H-10-800, 2010 WL 1978887, at *2 (S.D. Tex. May 14, 2010) (finding it facially apparent from the original complaint that the amount in controversy was met where plaintiff sought $27,607.64 in insurance proceeds with possible treble damages under the DTPA, a penalty of ten percent per year under the Texas Insurance Code, mental anguish damages, and attorney's fees); *Chavez v. State Farm Lloyds*, NO. 7:15-CV-487, 2016 WL 641634, at *3 (S.D. Tex. Feb. 18, 2016) (denying motion to remand in hail damage case where demand letter requested a total of $40,776.74 for damages to roof, 18 percent statutory interest, mental anguish, and attorney's fees and calculation did not reference plaintiff's claim for exemplary damages)).

15.     Although Westchester disputes liability and damages, trebling the unpaid

depreciation amount of $35,312.79 would exceed $75,000.00. It is evident from Plaintiff's live pleading and sworn Proof of Loss that Plaintiff purports to allege claims for monetary relief that, if granted, would exceed $75,000.00.

16.     Therefore, the amount in controversy exceeds the $75,000.00 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a).

## V.
### REMOVAL IS PROCEDURALLY CORRECT

17.     Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served on the Defendant.

18.     Pursuant to 28 U.S.C. § 1446(d), promptly after Westchester files this Notice of Removal, written notice of the filing will be given to Plaintiff.

19.     Pursuant to 28 U.S.C. § 1446(d), promptly after Westchester files this Notice of Removal, a true and correct copy will be filed with the District Clerk of El Paso County, Texas.

## VI.
### CONCLUSION

20.     WHEREFORE, Westchester respectfully requests that this action now pending in the 171st District Court of El Paso County, Texas be removed to the United States District Court for the Western District of Texas, El Paso Division, and for the Court to grant Westchester any such other and further relief to which it may be justly entitled, at law or in equity.

Respectfully submitted,

COZEN O'CONNOR

By:  /s/ Stephen P. Pate
       Stephen P. Pate, *Attorney-in-Charge*
       State Bar No. 15566500
       LyondellBasell Tower
       1221 McKinney, Suite 2900
       Houston, Texas  77010
       Telephone:  (832) 214-3957
       Telecopier:  (832) 706-3423
       spate@cozen.com

       *and*

       Donnie M. Apodaca, II
       State Bar No. 24082632
       1717 Main Street, Suite 3100
       Dallas, Texas  75201-7335
       Telephone:  (214) 462-3000
       Telecopier:  (214) 462-3299
       dapodaca@cozen.com

**COUNSEL FOR DEFENDANT
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This certifies that on March 10, 2022, a copy of the foregoing instrument was served on the following counsel of record via email the Clerk's e-service pursuant to the Texas Rules of Civil Procedure:

       Gregory J. Finney
       Stephen R. Walker
       Juan A. Solis
       Law Offices of Manuel Solis, P.C.
       6657 Navigation Boulevard
       Houston, Texas  77011
       gfinney@manuelsolis.com
       swalker@manuelsolis.com
       jusolis@manuelsolis.com
       ***Attorneys for Plaintiff***

           /s / Stephen P. Pate
           Stephen P. Pate